PREFERRED MEDICAL IMAGING, P.C., as assignee of Senatus Cilvain and the other injured persons listed in the attached rider and Moshe D. Fuld, P.C., Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

No. 03CIV.6638(VM).

United States District Court, S.D. New York.

Feb. 17, 2004.

Moshe David Fuld, Law Office of Moshe D. Fuld, P.C., New York, NY, for Plaintiff.

Moshe D. Fuld, pro se, Moshe D. Fuld, P.C., Law Office of Moshe D. Fuld, P.C., New York, NY, for Plaintiff.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, L.L.P., New York, NY, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

In this diversity action, plaintiff Preferred Medical Imaging, P.C. ("Preferred"), an MRI provider, alleges that defendant Allstate Insurance Company ("Allstate") unlawfully denied sixty auto insurance claims, pertaining to forty auto accidents, in which the claimants had received MRIs from Preferred. The claims range from about $900 to about $2,700 and

total over $100,000. Preferred's complaint asserts a single cause of action for the wrongful denial of all of these apparently unrelated claims. The complaint contains a spreadsheet rider with the names of the claimants. Because these claims are distinct and do not individually meet the jurisdictional threshold, the Court dismisses the action, without prejudice.

## I. *DISCUSSION*

 Under Federal Rule of Civil Procedure 12(h)(3) the Court has the authority to *sua sponte* dismiss an action in which it appears the Court lacks subject matter jurisdiction. *See Bernstein v. Universal Pictures, Inc.,* 517 F.2d 976, 979 (2d Cir. 1975). The Court does not have subject matter jurisdiction over diversity cases in which the amount in controversy is $75,000 or less. *See* 28 U.S.C. § 1332(a).

This case involves several distinct auto accidents and claims. Notably, the complaint does not allege that the claims involved similar facts, nor does it allege that Allstate denied the claims on the same or similar bases. Although a party may assert any number of claims against a single defendant in the same lawsuit under Federal Rule of Civil Procedure 18(a), the Court may also sever those claims under Federal Rule of Civil Procedure 21. In considering whether to sever claims under Rule 21, the Court considers "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *See In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.,* 214 F.R.D. 152, 154–55 (S.D.N.Y.2003). Under those standards, this case is a prime candidate for severance, which would reduce the amount in controversy for each separate action well below the jurisdictional threshold.

The Court recognizes that this case is in the very early stages of litigation, and will therefore dismiss the case without prejudice, so as to allow Preferred to re-file a complaint which sets forth some theory under which the Court has jurisdiction.

## II. *ORDER*

It is hereby

**ORDERED** that this case is dismissed, without prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED.**